IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY JAMES SILER, JR., #197367, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   CASE NO. 2:23-CV-371-RAH-CSC ) |
| NIKKI STEVENS, et al., | ) ) |
| Defendants. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Anthony James Siler, Jr. filed this *pro se* 42 U.S.C. § 1983 action. Doc. 1. Upon review of the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A[1], and for the reasons set forth below, the undersigned RECOMMENDS that this case be DISMISSED prior to service of process for failure to state a claim on which relief may be granted.

**I.     PLAINTIFF'S ALLEGATIONS**

Plaintiff brings this suit against District Attorney Walt Merrill, Assistant District Attorney Nikki Stevens, and trial witness Donald McBride. Doc. 1 at 1, 2. He alleges that, in May 2023, Defendant Stevens "made disgraceful and dishonor slanderous and defamational statements to the jury and courtroom during [his] murder case that [he] had a

---

[1] Because Plaintiff is proceeding *in forma pauperis*, the Court must review his pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a complaint if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. Similarly, because Plaintiff is a prisoner seeking redress from a governmental entity, officer, or employee, the Court must review his pleading(s) under 28 U.S.C. § 1915A. Under that statute, the Court must dismiss a complaint, or any portion thereof, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

[]sexual relationship with Michael Davis (deceased) before [their] fatal confration [sic] with each other." *Id*. at 2. Defendant Stevens stated in the courtroom that Plaintiff and Mr. Davis were homosexual partners, that Mr. Davis had engaged in sexual acts with Plaintiff in exchange for drugs, and that Plaintiff killed Mr. Davis to keep him quiet about that relationship. *Id*. at 3.

Defendant Merrill "went along with this slander and defamation tactic in court to destroy [Plaintiff's] Christian name" despite knowing that there was no "proof of such occurrances [sic] on tape, camera, and or audio." *Id*. Defendant McBride is the individual who "started the lie," and he testified to this version of events in court, but he "can't produce no evidence, no audio, no video, to back up this degrading public slandering and defaming lie out of actual common law malice." *Id*. Plaintiff claims that Defendant McBride is a drug addict who was high on drugs when he testified at Plaintiff's trial. Doc. 1-1. As relief, Plaintiff seeks compensatory and punitive damages. Doc. 1 at 4.

## II.    DISCUSSION

### A.    Purported Claims Against Defendant McBride

As an initial matter, it appears from Plaintiff's allegations that Defendant McBride is a private person rather than a state actor. However, "section 1983 does not afford a remedy against a private person unless that person is shown to have conspired with one or more state actors." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1285 (11th Cir. 2002) (citing *NAACP v. Hunt*, 891 F.2d 1555, 1563 (11th Cir. 1990)). It does not appear that

Plaintiff has made any attempt to state a conspiracy claim in this case.[2] However, even if the Court were to liberally construe Plaintiff's allegations as making such an attempt, any conspiracy claim must fail because "[w]itnesses are granted absolute immunity for their testimony during trials," *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (citing *Briscoe v. LaHue*, 460 U.S. 325 (1983)), and "[a] person may not be prosecuted for conspiring to commit an act that he may perform with impunity," *Jones*, 174 F.3d at 1289 (citing *House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992)). As such, Plaintiff fails to state a valid § 1983 claim against private person and trial witness Defendant McBride.

Additionally, to the extent Plaintiff purports to state a slander and defamation claim against Defendant McBride based on his testimony to law enforcement and in Plaintiff's murder trial, "the law is well settled that a 42 U.S.C. § 1983 action cannot be predicated upon the theory of slander, defamation[,] or libel." *Thompson v. Barbour Cnty. Sheriff's Dep't*, No. 2:08-CV-932, 2009 WL 89284, at *2 (M.D. Ala. Jan. 12, 2009) (citing *Paul v. Davis*, 424 U.S. 693 (1976) and *Von Stein v. Brescher*, 904 F.2d 572 (11th Cir. 1990)). Indeed, the Eleventh Circuit has specifically recognized that "claims of libel and slander do not state a violation of federal law and are not cognizable in a section 1983 civil rights action." *Charles v. Scarberry*, 340 F. App'x 597, 599–600 (11th Cir. 2009) (citing *Paul*, 424 U.S. 693). Thus, even if Plaintiff could properly bring a § 1983 claim against

---

[2] To state a conspiracy claim under § 1983, a plaintiff must demonstrate that "(1) the defendants reached an understanding or agreement that they would deny the plaintiff one of his constitutional rights; and (2) the conspiracy resulted in an actual denial of one of his constitutional rights." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1327 (11th Cir. 2015) (citing *Hadley v. Gutierrez*, 526 F.3d 1324, 1332 (11th Cir. 2008)). Plaintiff's Complaint wholly fails to allege either that the defendants reached an understanding or agreement that they would deny him a constitutional right or that he was actually denied a constitutional right.

3

Defendant McBride, his purported slander and defamation claims are nevertheless "based on an indisputably meritless legal theory." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Accordingly, for multiple reasons, Plaintiff's purported 42 U.S.C. § 1983 claims against Defendant McBride are due to be DISMISSED.

### B. Purported Claims Against Defendants Merrill and Stevens

To the extent Plaintiff also seeks to state slander and defamation claims against Defendants Merrill and Stevens, as noted above, a § 1983 action cannot be predicated upon either theory. *See Thompson*, 2009 WL 89284, at *2; *Charles*, 340 F. App'x at 599–600. Moreover, both Defendants—as District Attorney and Assistant District Attorney—are absolutely immune from suit based on prosecutorial immunity.

The Eleventh Circuit has consistently held that "[p]rosecutors performing 'prosecutorial functions' receive absolute immunity and are therefore not subject to suit under 42 U.S.C § 1983." *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (citing *Long v. Satz*, 181 F.3d 1275, 1278 (11th Cir. 1999)). "Prosecutorial immunity applies . . . to the prosecutor's actions in initiating a prosecution and presenting the State's case." *Jackson*, 534 F. App'x at 859 (quoting *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009)). Importantly, "the determination of absolute prosecutorial immunity depends on the nature of the function performed, not whether the prosecutor performed that function incorrectly or even with dishonesty, such as presenting perjured testimony in court." *Hart*, 587 F.3d at 1298 (citing *Jones*, 174 F.3d at 1289). Thus, even accepting as true that

4

Defendants Merrill and Stevens proffered unproven testimony when presenting the State's case at Plaintiff's trial, these Defendants are nevertheless absolutely immune from liability.

Accordingly, for multiple reasons, Plaintiff's purported 42 U.S.C. § 1983 claims against Defendants Merrill and Stevens are also due to be DISMISSED.

### III.   CONCLUSION

Because § 1983 does not afford Plaintiff a remedy against Defendant McBride, a private person and trial witness; Defendants Merrill and Stevens are absolutely immune from suit based on prosecutorial immunity; and Plaintiff's only articulated claims—slander and defamation—are not cognizable in a § 1983 action, the undersigned finds that any amendment in this case would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint . . . when such amendment would be futile.").

Accordingly, for the reasons set forth above, the undersigned RECOMMENDS that this action be DISMISSED prior to service of process for failure to state a claim on which relief may be granted.

It is further ORDERED that, on or before **October 10, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo

determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 25th day of September, 2023.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE